348 MADISON AVENUE CORPORATION, Appellant, *v.* ROBERT P. MARSHALL and Others, Copartners, Doing Business under the Firm Name of ROBERT P. MARSHALL & Co., Respondents.

First Department, May 1, 1925.

Landlord and tenant — action for rent and for damages for failure to complete alterations — sufficiency of complaint — lease contains general provision for termination thereof in event of bankruptcy before commencement of term — lease also provides that in event of termination before commencement of term landlord may rent premises as agent of tenants and that tenants will be liable for difference in rent — bankruptcy intervened before commencement of term — landlord was unable to relet — said two clauses of lease are not inconsistent — complaint states cause of action for rent — permission given to tenants to make alterations on condition that alterations would be completed — acceptance by tenants of offer raised implied promise to complete alterations or restore premises to original condition — complaint is sufficient as to second cause of action.

A complaint in an action by a landlord to recover rent and for damages for failure on the part of tenants to complete alterations is sufficient as to the cause of action for rent, which alleges the execution of the lease; that it contains a provision that if, before the commencement of the term, the tenants be adjudicated bankrupts, the lease shall terminate at the option of the landlord and the parties shall be released from all obligations thereunder; that another provision provides that if the lease is terminated before the commencement of the term the landlord may, at his option, relet the premises as agent of the tenants, who shall remain liable under the lease for the difference between the rent on the reletting and the rent stipulated in the lease; that the tenants went into bankruptcy before the commencement of the term and the landlord gave notice that it exercised the option to terminate the lease; that it has been unable to relet the premises; and that the tenants are liable for the stipulated amount of the rent from the commencement of the term until the bringing of the action.

The two clauses in the lease are not so repugnant as to be unreconcilable, for the general clause authorizing the termination of the lease and releasing both parties from the obligations thereunder may be construed as limited by the specific

clause authorizing the landlord to relet the premises as agent of the tenants in case of termination of the lease before the commencement of the term.

The complaint is sufficient as to the second cause of action to recover damages for the failure of the tenants to complete alterations, since it is alleged that the plaintiff offered to permit the tenants to make the alterations on condition that if they undertook to do so they would complete the alterations, and that they accepted the offer, commenced the alterations, but failed to complete them. The acceptance by the tenants of the landlord's offer raised an implied obligation on their part to complete the alterations in accordance with the terms of the offer or to save the landlord harmless from the expense of restoring the premises to the condition in which they were before the alterations were commenced.

BURR, J., dissents, with memorandum.

APPEAL by the plaintiff, 348 Madison Avenue Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of July, 1924, granting defendants' motion under rule 106 of the Rules of Civil Practice to dismiss the amended complaint on the ground that it fails to state facts sufficient to constitute a cause of action, and also from a judgment entered in said clerk's office on the 28th day of July, 1924, pursuant to said order.

*Masten & Nichols* [*W. A. Wilson* of counsel; *George E. Hite, Jr.*, with him on the brief], for the appellant.

*Chadbourne, Hunt, Jaeckel & Brown* [*Stanhope Foster* of counsel], for the respondents.

McAvoy, J.:

The complaint here was dismissed upon the ground that it fails to state facts sufficient to constitute a cause of action. There are two causes of action enumerated in the complaint. In one cause it is set forth that plaintiff and defendants made a lease on September 18, 1923, for a term of five years from October 1, 1923, to September 30, 1928, at a yearly rental of $7,000 payable in monthly installments. The further allegation is made that in the eleventh covenant of the lease provision is made to cover breaches by the defendants as tenants before the commencement of the term, and the following clause is set out as one of the provisions of that covenant of the parties: " If, before the commencement of the term herein provided for, the tenant be adjudicated a bankrupt, * * * or if a receiver or trustee be appointed for the tenant's property * * * this lease shall thereby, at the option of the landlord, be terminated, and in that case * * * each party shall be and is released from all obligations hereunder."

There is also a provision alleged in the complaint, made in the

eleventh covenant of the lease, concerning the liability of the tenant in the event of default after the commencement of the term. And then is set forth the clause in the same covenant of the lease upon which plaintiff bases its first cause of action, which provides: " In any such case [referring to defaults by the tenant after the commencement of the term] or in the event that this lease be ' terminated ' before the commencement of the term, as above provided, the landlord may, at the landlord's option, relet the leased premises, or any part or parts thereof, as the agent of the tenant * * *. The tenant shall remain liable until the time when this lease would have expired but for such termination for the equivalent of the amount of all the rent reserved herein, less the avails of re-letting * * *."

Prior to October 1, 1923 (the commencement of the term), a receiver in bankruptcy was appointed for the defendants' property, and plaintiff gave notice to defendants that it elected to terminate the lease in accordance with the terms thereof. Thereafter the plaintiff under the eleventh covenant of the lease endeavored to rent the premises as the defendants' agent, but has been unable to do so. The premises, but for the defendants' alterations, were ready for occupancy on October 1, 1923, so that the damages sustained by plaintiff for which judgment is asked is the sum of $1,750.02, the amount of rent reserved in the lease from October 1, 1923, to the date of the commencement of the action, less two months' free rent and one month's rent paid in advance.

The bankruptcy proceedings against the defendants have been settled and discontinued since the revocation of the lease because of the filing of the petition and the appointment of a receiver in bankruptcy.

The second cause of action alleges that subsequent to the execution of the lease 'plaintiff granted permission to defendants to make alterations in the premises on condition that the defendants, if they undertook to do this work, would complete the same; that defendants then did undertake to make the alterations and commenced the same, but afterwards refused to complete them or restore the premises to the condition they would have been in but for the defendants' uncompleted alterations, and thereby left the premises in an untenantable condition to the plaintiff's damage in the sum of $1,500.

The learned court at Special Term held that the first cause of action cannot be maintained because the clauses in the covenant are totally inconsistent. There is no reference in the opinion to the second cause of action, but apparently this was also dismissed on the ground that the termination of the lease ended the tenant's

liability to go forward with the alterations or to restore the premises to their original state.

We do not find that the clauses quoted above are necessarily so repugnant as to be totally irreconcilable.  In the nature of their contents one may still be held as making a general provision with respect to the release from the obligations of the lease upon its termination in the manner described, and the other be found to be a reservation of one particular obligation which was still to survive, notwithstanding the apparent determination to totally abrogate all other obligations by the preceding clause of the covenant. A covenant in universal or general terms may be restrained and narrowed where the intent to restrain and narrow or qualify is apparent from all the other parts of the same instrument.  The rule that where there are two clauses so totally repugnant to each other that they cannot stand together, the first shall be received and the latter rejected, is described by learned jurists as extremely artificial and only to be accepted as a last resort. And this is obviously a correct maxim, since it is contrary to customary human conduct to put repugnant clauses deliberately into an instrument so as to render one inoperative.  Where a first clause is general in terms, and the latter, said to be repugnant to the general clause, has a particular object for its inclusion, or where the latter clause can be given full effect and the former subjected to such qualifications as the latter might make necessary, there always has been an exception allowed to this artificial rule. There is a logical distinction between a proviso which is manifestly wholly repugnant to the covenant and a proviso which can be incorporated into the covenant leaving all the remainder of its provisions in full force.  Of such are valid provisos.  It is only where a later proviso totally destroys the previous covenant that a proviso can be deemed unenforcible.

We think, therefore, that the plaintiff has not released defendants from the obligation founding the first cause of action.

As to the second cause of action there seems to be sufficient stated in the complaint from which an implied contract may be spelled out from plaintiff's offer to permit the defendants to make specified alterations on the plaintiff's premises on condition that if the defendants undertook to do the work they would complete it.  Defendants were under no obligations to accept the offer to make the alterations, but having undertaken to do so under the terms of plaintiff's offer, there was an implied promise on the part of the defendants to complete the same in accordance with the terms of plaintiff's offer, or at least save plaintiff harmless from the expense of restoring the premises to the condition in

which they were at the beginning of the work in case the lease was terminated before the completion of the alterations. The facts set forth are such that the law would infer from them a promise to accept the offer under the conditions upon which it was made, from which arises the implication of the duty of the defendants to perform the obligation which plaintiff asserts rests on defendants.

The order and judgment should be reversed, with costs, and the motion to dismiss the amended complaint denied, with ten dollars costs, with leave to the defendants to answer within twenty days upon payment of said costs.

CLARKE, P. J., DOWLING and MERRELL, JJ., concur; BURR, J., dissents.

BURR, J. (dissenting):

I dissent. It seems to me the first clause was intended to effect an absolute termination of the lease, before the commencement of the term, at the option of the landlord, upon the happening of the event therein specified by providing that then and in that event each party shall be and is released from all obligations thereunder. After the happening of the event, viz., the appointment of a receiver of defendants in the Bankruptcy Court, the landlord exercised his option and terminated the lease. Although the appointment of the receiver was through error or mistake and was set aside, the tenant lost all claim to the lease because the landlord exercised his option. I think this clause is utterly repugnant to and irreconcilable with the other clause of the lease providing that in such event the landlord may relet the premises as the agent of the tenant, applying the rental to the payment of such expenses as the landlord may have incurred and then to the fulfillment of the covenants of the tenant under the said lease; in other words, continuing in full force and effect the obligation under the lease.

It is well settled that a proviso which is in terms wholly repugnant to a covenant creating a personal liability is void. As was said by LURTON, J., in *Employers' Liability Assurance Corp.* v. *Morrow* (143 Fed. 750): "It is trifling with the substance of things to say that two such antagonistic clauses can stand together, or that the later is a mere modification of the other."

Order and judgment reversed, with costs, and motion to dismiss amended complaint denied, with ten dollars costs, with leave to defendants to answer within twenty days on payment of said costs.